IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUANG DIEN LA,

    Petitioner,                    No. CIV S-10-1757 DAD P

    vs.

ERIC H. HOLDER, JR., et al.,

    Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties have voluntarily consented to the exercise of Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).  Petitioner challenges the length of his detention by United States Immigration and Customs Enforcement (ICE).  Respondents' motion to dismiss is before the court.

**I. Background**

        Petitioner is a native and citizen of Vietnam who was ordered removed to that country on November 12, 2008, following his conviction on numerous serious criminal charges brought against him in state court.  (Doc. No. 7-1.)  Petitioner first entered ICE custody on that same date.  (Doc. No. 1 at 3.)  Petitioner sought and received an administrative stay of his removal order after he moved to reopen his immigration proceedings to apply for a deferral of

1

removal under the Convention Against Torture.  (Doc. No. 7-2.)  On July 15, 2010, the assigned Immigration Judge denied petitioner's applications for withholding of removal, asylum, and relief under the Convention Against Torture.  (Doc. No. 7-3.)  Petitioner subsequently appealed that decision to the Board of Immigration Appeals.  (Doc. No. 7 at 2.)  Petitioner's appeal was granted by the Board of Immigration Appeals on January 11, 2011, and the removal proceedings were terminated.  (Doc. No. 8-2.)  Petitioner was released from custody on January 14, 2011.  (Doc. Nos. 8, 8-2.)

        Petitioner filed the instant petition for writ of habeas corpus on July 8, 2010.  At that time petitioner challenged the length of his detention in pre-removal custody.  Specifically, he alleged that he has been detained beyond the six-month period presumed to be reasonable by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), and that his continued detention violated his right to due process.  See Zadvydas, 533 U.S. at 689 (holding that the Immigration and Nationality Act's post-removal-period detention statute does not permit indefinite detention, but instead "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States.").  (Doc. No. 1 at 2-8.)  Petitioner requested immediate release from federal detention and custody.  (Id. at 1, 13.)  On August 27, 2010, the court ordered respondent to file a response to the petition.  (Doc. No. 5.)  Respondent did so on October 22, 2010.  (Doc. No. 7.)

        On April 11, 2011, respondent filed a motion to dismiss the petition, arguing that the petition before the court is now moot because petitioner has been released from ICE custody and is no longer in detention.  (Doc. No. 8.)  Petitioner has not filed any response to respondent's motion to dismiss.

**II. Discussion**

        A case is moot if it does not satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue

to have personal stake in the outcome of the lawsuit." <u>United States v. Verdin</u>, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Spencer</u>, 523 U.S. at 7 (quoting <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477 (1990)). Thus, a challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences. <u>Caswell v. Calderon</u>, 363 F.3d 832, 836 (9th Cir. 2004); <u>United States v. Palomba</u>, 182 F.3d 1121, 1123 (9th Cir. 1999). Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness. <u>Lane v. Williams</u>, 455 U.S. 624, 631-33 (1982).

          In the pending habeas application petitioner specifically sought relief in the form of a "Court Order directing Respondents . . . to Release Petitioner from its physical custody and detention immediately under reasonable conditions of Supervision or Regular Order of Supervision." (Pet. (Doc. No. 1) at 13.) The court can no longer provide the relief sought because petitioner has been released from custody. There is no suggestion or indication from the record that petitioner will suffer a serious collateral or continuing injury as a result of the failure of the ICE to release him earlier. Because petitioner's confinement has been terminated, his claims are moot and are subject to dismissal. <u>See</u> <u>United States v. Brandau</u>, 578 F.3d 1064, 1067 (9th Cir. 2009) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed") (quoting <u>Bernhardt v. County of Los Angeles</u>, 279 F.3d 862, 871 (9th Cir. 2002)); <u>Picron-Peron v. Rison</u>, 930 F.2d 773, 776 (9th Cir. 1991) (habeas petition seeking release from INS detention dismissed as moot where petitioner had already been released).

/////

/////

**CONCLUSION**

Accordingly, IT IS ORDERED that:

1. Respondents' motion to dismiss is granted and this case is closed; and

2. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

DATED: December 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
la1757.dis